**Alex H. LADOUCEUR, Ronald J. Ivans, and David Silvers, Plaintiffs–Appellants.**

v.

**CREDIT LYONNAIS and John J. Quinn, Defendants– Appellees.**

**No. 05–0766–CV.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2005.

Pearl Zuchlewski, Kraus & Zuchlewski, LLP, New York, New York, for Plaintiffs–Appellants.

Barbara M. Roth, Torys LLP (Lauren G. Krasnow, on the brief), New York, New York, for Defendants–Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. WILFRED FEINBERG, and Hon. RICHARD J. CARDAMONE, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Ladouceur, Ivans, and Silvers appeal the district court's dismissal of their complaint (Naomi Reice Buchwald, *Judge*) against defendants-appellees Credit Lyonnais and Quinn under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim. We assume familiarity with the facts and procedural history of this case.

Because this case was resolved on a motion to dismiss, we accept as true all of the plaintiffs' allegations. *Scotto v. Almenas,* 143 F.3d 105, 109–10 (2d Cir.1998).

Sometime in 2000, Credit Lyonnais decided to merge one of its subsidiaries, Credit Lyonnais Rouse ("Rouse"), the plaintiffs' employer, into the parent company. To induce plaintiffs to remain with Credit Lyonnais, Quinn and other employees of Credit Lyonnais promised plaintiffs that they would receive a pension upon joining Credit Lyonnais and that their pension would be treated for vesting and funding purposes as if their starting date with Rouse was their starting date with Credit Lyonnais, thus entitling them to a vested pension with substantial funding upon joining Credit Lyonnais. Plaintiffs also received automated printed statements from Credit Lyonnais human resources reflecting this earlier starting date. However, once plaintiffs left Credit Lyonnais in 2001, they learned that their pensions would not be retroactively funded to their Rouse starting date. Plaintiffs instituted this action, alleging an ERISA promissory estoppel claim and breach of fiduciary duty under ERISA. The district court rejected both claims. As to the promissory estoppel claim, the court held that the claim failed because plaintiffs could not allege a sufficient writing proving the existence of the promise and because they had not alleged "extraordinary circumstances" under this circuit's law. As to the breach of fiduciary duty, the district court rejected this claim because plaintiffs could not allege a sufficient writing and because the relief they sought was not equitable.

■ This circuit recognizes a cause of action for promissory estoppel under ERISA. *See Abbruscato v. Empire Blue Cross & Blue Shield,* 274 F.3d 90, 100–01 (2d Cir.2001). A plaintiff must show the four traditional elements of promissory estoppel: 1) a promise; 2) reliance on the promise; 3) an injury caused by reliance; and 4) an injustice if the promise is not enforced. In addition, a plaintiff must

show "extraordinary circumstances" justifying relief. *Schonholz v. Long Island Jewish Med. Ctr.,* 87 F.3d 72, 78–79 (2d Cir.1996). However, there must be more than simply oral evidence to support a plaintiff's ERISA promissory estoppel claim. *Perreca v. Gluck,* 295 F.3d 215, 225 (2d Cir.2002). We disagree with the district court that it was appropriate to dismiss plaintiffs' claim at this stage of the litigation. Plaintiffs have pled that a writing confirming plaintiffs' retroactive vesting and funding exists in the form of Employee Self–Service reports received from Credit Lyonnais. Likewise, there is reason to think that discovery would reveal additional writings, such as internal memoranda, that would support plaintiffs' claim. Plaintiffs' claim that they took a job with Credit Lyonnais in reliance on the promise of a retroactively vested and funded pension is sufficient to make out "extraordinary circumstances" at the motion to dismiss stage. *Devlin v. Empire Blue Cross & Blue Shield,* 274 F.3d 76, 86–87 (2d Cir.2001). We therefore vacate and remand the district court's decision on this claim.

Plaintiffs have also alleged facts sufficient to support a breach of fiduciary duty claim under ERISA. A breach of fiduciary duty claim is properly pleaded where plaintiffs allege that defendants misrepresented the terms of the plan or failed to provide accurate information concerning it. *Devlin,* 274 F.3d at 88. On plaintiffs' view, Credit Lyonnais and Quinn lied to plaintiffs about the retroactive funding and vesting of their pensions. If that were proven, plaintiffs have adequately alleged facts sufficient to entitle them to relief on this claim. For the reasons stated above, we also believe that the writing requirement has been satisfied. At this stage of the litigation, we cannot say whether plaintiffs' requested relief would be equitable within the meaning of 29 U.S.C. § 1132(a)(3). We therefore vacate the district court's decision and remand for reconsideration of the relief available under this section in light of our decision that plaintiffs have adequately pled the requisite facts.

The clerk shall refer any subsequent appeal to the members of this panel.

For the reasons set forth above, the judgment of the District Court for the Southern District of New York is hereby VACATED and REMANDED.